UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Marni Robinson<br><br>    Plaintiff,<br><br>v.<br><br>Convergent Outsourcing, Inc.<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Marni Robinson, ("Marni"), is a natural person who resided in Santa Maria, California, at all times relevant to this action.

2. Defendant, Convergent Outsourcing, Inc., ("CO"), is a Washington Corporation that maintained its principal place of business in Renton, Washington, at all times relevant to this action and has an office in Houston, Texas.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this judicial district.

## STATEMENT OF FACTS

5. CO uses a predictive dialer system.

6. Before CO began contacting Marni, it and CO had no prior business relationship and Marni had never provided express consent to CO to be contacted on his cellular telephone.

7. CO regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of CO's revenue is debt collection.

9. CO is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, CO contacted Marni to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Marni is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, CO willingly and knowingly used an automatic telephone dialing system to call Marni on his cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Around January 2014, CO began contacting Marni on Marni's cellular phone in connection with the collection of the debt.

15. Around January 2014, Marni requested CO cease further calls to Marni.

16. Despite this request, CO contacted Marni on Marni's cellular phone in connection with the collection of the debt on more than one occasion, most recently around March 2014.

17. On more than one occasion, CO contacted Marni on Marni's cellular phone during working hours.

18. On more than one occasion, Marni requested CO cease further calls to Marni, especially during working hours.

19. CO caused Marni to lose focus at work, which affected Marni's productivity.

20. CO attempted to collect a debt from Marni.

21. CO violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

By:     /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip
Attorney in Charge
Ohio Bar # 0079315
Southern District of Texas Bar # 0079315
917 W. 18th Street, Suite 200
Chicago, IL  60608
Phone:  312-380-6110
Fax:  312-361-3509
jeffrey@lifetimedebtsolutions.com

Date:  May 20, 2014